## PITTS *v.* PITTS.

(Division B.   March 15, 1937.)

[173  So.  295.   No.  32684.]

. **A. A. Cohn** and **R. L. Jones**, both of Brookhaven, for appellee, on motion to dismiss.

Tullius Brady and J. N. Yawn, both of Brookhaven, and Lotterhos & Travis, of Jackson, for appellant, on motion to dismiss.

**Griffith, J.,** delivered the opinion of the court.

Appellant qualified as executor of his father's will. There were certain pecuniary bequests in the will, including one of $2000 to appellee. The executor returned in his inventory only about $185 of personal property. Appellee filed her petition against appellant, alleging that there was on deposit in a certain bank more than $4000 belonging to the estate, and praying that the executor account for the same. The executor answered claiming the money in bank as his own by virtue of an alleged gift thereof to him by his father, made some time before his father's death.

When the case came on to be heard, the chancellor called attention to the fact that the executor was in court in two capacities, one which would require him to take care of the interests of the estate and see that the money belonging to it was brought in, and, the other, in his own individual interest in resisting what it was the province of the executor to demand; and the chancellor suggested that the proceedings be halted; that the executor be removed and an administrator c. t. a. be appointed in his place, so that thereafter the new personal representative could prosecute the claim, and the old executor could defend as an individual. In response to this suggestion, the solicitors for all the parties, including the solicitors for appellee, stated to the chancellor, in open court, that they were satisfied with the status of the proceedings as respects the point mentioned, and the hearing was thereupon concluded with

the result that a decree was entered directing appellant to account to the estate for the said funds in bank and to execute an additional executor's bond to cover the same.

The additional bond was duly executed, and within the time allowed by law the executor appealed to this court, his appeal bond being executed by him both as executor and as an individual, the surety being a surety company authorized to execute such bonds in this state. Appellee has moved to dismiss the appeal on the ground that as executor appellant has prevailed as to all his contentions in the trial court and, therefore, as executor cannot appeal from a decree in his favor, and that he cannot appeal as an individual because of the inconsistency in position which he would thus occupy.

We may concede for the purposes of this discussion that the general rule is that a personal representative can appeal in his representative capacity only when he is aggrieved in that capacity and not when he is aggrieved in his individual capacity only. 4 C. J. S., Appeal and Error, p. 372. We are not called upon to discuss what, if any, exceptions there may be to that general rule. The point which here controls is that the appellee, an adult, may not when directly challenged, in the trial court, upon the precise points involved, agree that no question is raised thereon, and then later turn upon the appellant and make the point upon appeal. Had appellee not expressly consented and agreed as aforesaid in the trial court, the chancellor would have removed the executor and appointed another representative, whereupon the right of appellant to prosecute his appeal would have been without question. Appellee not having then objected may not do so now, the ancient maxim of procedure being applicable, that he who does not object when he could and should, will not be allowed later to object when he would.

Motion to dismiss appeal overruled.